In re Application of Airline Ground Service, Inc. Airline Ground Service, Inc., complainant and appellee, v. Checker Cab Company et al., respondents and appellants, and Airport Commission, a public body, intervener and appellant.

39 N. W. 2d 809

Filed December 1, 1949. No. 32723.

*Kennedy, Holland, DeLacy & Svoboda, Swensen, Viren & Turner, Frost, Peasinger & Meyers, Edward Sklenicka,* and *Edward F. Fogarty,* for appellants.

*Pilcher & Haney,* for appellee.

Heard before Simmons, C. J., Carter, Messmore, Yeager, Chappell, Wenke, and Boslaugh, JJ.

Carter, J.

This action was commenced by the filing of a complaint

before the Nebraska State Railway Commission. After the issues were made and a hearing had, the railway commission entered an interim order which in effect sustained the contentions of the complainant on a temporary basis pending a final determination of the issues by the commission. Respondents perfected an appeal to this court. Complainant thereupon filed a motion in this court to dismiss the appeal for the reason that the order appealed from was not a final order. The motion of the complainant was sustained and the appeal dismissed. Respondents filed a motion for a rehearing. Briefs were filed and oral arguments had. We are now called upon to review the correctness of our previous ruling in dismissing the appeal.

The Airline Ground Service, Inc., hereafter referred to as the complainant, filed a complaint before the railway commission against Yellow Cab, Inc., Checker Cab Company, and Safeway Cabs, Inc., hereafter referred to as respondents, alleging that respondents have created a monopoly in the taxicab business in Omaha, and in the furtherance thereof they have jointly employed and maintained at the Omaha Municipal Airport starters, agents, dispatchers, and recruiters to the detriment of the public and the complainant. Answers were filed by the respondents and a petition in intervention was filed by the airport commission of Omaha. The railway commission referred the case to an examiner, who heard all the evidence and examined all the exhibits introduced into the record. The examiner reported his conclusions of law and fact to the commission. The commission on July 16, 1949, entered its interim order in which it is stated that a transcript of the evidence cannot be obtained before August 15, 1949, and, asserting the existence of an emergency, upon due consideration of the portion of the transcript of the evidence which was available, along with the examiner's report and recommendation, the exceptions thereto, and the oral arguments and briefs filed, directed the respondents to forthwith cease and

desist the use of starters, recruiters, or agents at the Omaha Municipal Airport, either directly or indirectly. From this order an appeal was taken to this court. The question before us is whether we correctly determined that the interim order was not an appealable order.

The controlling statute governing an appeal from the railway commission in a case such as we have before us provides: "If any railway company, common carrier, or any other person or persons affected thereby, shall be dissatisfied with the decision of the State Railway Commission affirming, revising, annulling or modifying any rate or rates complained of in the original schedule, or any subsequent schedule, which may be the subject of investigation, or with the decision of the commission with reference to any rate, classification, rule, charge, order, act or regulation made or adopted by them upon which there has been a hearing before the commission, except as otherwise expressly provided for herein, such dissatisfied railway company, common carrier, person or persons affected may institute proceedings in the Supreme Court of Nebraska to reverse, vacate or modify the order complained of; Provided, however, the time for appeal from the orders and rulings of the commission to the Supreme Court shall be limited to three months." § 75-405, R. S. 1943.

The procedure to be followed in perfecting an appeal under the provisions of section 75-405 is governed by the same provisions in force with reference to appeals from the district court except as otherwise specifically provided. § 75-406, R. S. 1943. It is the contention of the respondents that this section of the statutes provides the manner of perfecting an appeal but does not control the effect of section 75-405 as to the kind of an order from which an appeal can be taken.

The complaint filed in the case before us was brought under the provisions of section 75-411, R. S. 1943. It is then provided by section 75-416, R. S. 1943, as follows: "The order or orders provided for in sections 75-412,

75-413 and 75-415 shall be in force and effect from and after the date fixed by the State Railway Commission, and shall so remain until annulled, modified or revised by the commission, or until finally adjudged to be unreasonable and unjust in a court of competent jurisdiction, and no further hearing need be had before the commission with reference to the order or orders; Provided, if the railway company, common carrier, person or persons affected by the order or orders shall commence any proceeding or proceedings, as hereinbefore provided, affecting any decision, rule or order of the commission, such order or orders shall be held in abeyance until finally determined in such court."

It is fundamental of course that the form of an order or the label placed upon it does not determine its character. It is the substance of the order which is controlling in determining its nature. In Columbia Broadcasting System v. United States of America, 316 U. S. 407, 62 S. Ct. 1194, 86 L. Ed. 1563, the court held: "The ultimate test of reviewability is not to be found in an overrefined technique, but in the need of the review to protect from the irreparable injury threatened in the exceptional case by administrative rulings which attach legal consequences to action taken in advance of other hearings and adjudications that may follow, * * *."

Whether the order before us is reviewable must be determined from Chapter 75, R. S. 1943. The appeal sections of the act are special and control general statutory provisions. The language of section 75-405 to the effect that the decision of the commission with reference to any order made or adopted by them upon which there has been a hearing before the commission is that which affords the right of appeal in the instant case if such right does in fact exist.

Complainant contends that the words "any rate, classification, rule, charge, order, act or regulation" contained in section 75-405 should be interpreted to mean only final orders. The Legislature clearly did not limit

the right of review to final orders but has conferred the right and limited its exercise to any order upon which there has been a hearing before the commission for the purpose of securing the reversal, vacation, or modification thereof. That the Legislature may properly provide for the review of any order in setting up a special appellate proceeding must be conceded. To fail to give effect to the plain legislative intent would constitute an amendment of the act by the judicial rather than the legislative process.

This does not mean that a procedural or interlocutory order is reviewable. It simply means that any order meeting the conditions set forth in section 75-405 is reviewable, which involves a justiciable issue that is decisive of some subject matter of which the commission has jurisdiction and the power to enforce against any party to the proceeding. Under the provisions of section 75-416 the order takes effect from the time prescribed and continues in force for the time specified unless the order is annulled, revised, or modified by the commission, or set aside by a court of competent jurisdiction. This affords convincing proof that an interlocutory or procedural order incident merely to the natural course of the proceedings does not constitute the subject matter of the proceeding and is not therefore reviewable.

In the case before us the so-called interim order decided that the commission had jurisdiction of the subject matter of the complaint. It also decided that the public interest and the rights of the complainant required that a cease and desist order be granted prohibiting the use of starters, dispatchers, and agents at the Omaha Municipal Airport. The so-called interim order had the same effect upon the rights of respondents as any other cease and desist order which is limited as to its period of duration. The effect of the order also denies the claimed jurisdiction of the airport commission of Omaha. It is not a temporary or interim order in fact. Its effect is to determine justiciable issues properly before it.

Under such a situation it falls within the designation of "any rate, classification, rule, charge, order, act or regulation" upon which there has been a hearing before the commission dealing with the subject matter of the proceeding as distinguished from an interlocutory or procedural order. It is therefore an appealable order under the special appeal provisions of section 75-405.

We think this interpretation is consistent with other provisions of the act. If the interpretation thus made is not the correct one, it could well result in an administrative tyranny over common carriers by the use of temporary or interim orders. Irreparable damage could well result from unreasonable and arbitrary orders, transitory in character, if a review as to their legality cannot be had before they are placed in effect. The railway commission has not been granted equitable powers. Neither can it do by asserting an emergency what it otherwise cannot do. The act, construed as a whole, does not contemplate that the commission shall exercise such powers without a right of review. We find nothing in the act specifically granting any such authority and, it being special legislation, unless it is there found it does not exist. Consequently, we are required to take one of two positions; either the so-called interim order is wholly void or it is subject to review by this court. We think the Legislature has indicated by section 75-405 that it intended the latter position to obtain and we so hold.

It is urged, however, that this court should not permit an appeal until the whole case has been finally concluded. It is the general rule that this court will not hear a case piecemeal. Cozad Ditch Co. v. Central Nebraska Public Power & Irrigation District, 132 Neb. 547, 272 N. W. 560. But this rule is not grounded on the premise that there can be but one appealable order in a case. It is a rule of efficiency and expedition. Surely no one could logically contend that the ruling of the commission to the effect that it had jurisdiction of the subject matter of the proceeding, standing alone, would

not be a final as well as an appealable order. This court has in effect so said in the case of Miller v. Iowa-Nebraska Light & Power Co., 129 Neb. 757, 262 N. W. 855. We there permitted the question of jurisdiction to be determined, even though the case had not been heard on the merits. Appellees point out that the fragmentation of this case was the result of a stipulation of the parties. While this is true, the case is authority for the proposition that a determination of a justiciable issue is an appealable order, even though a full and complete hearing on the merits has not been had. No one contends that a nonreviewable order can be made reviewable by stipulation of the parties.

Our former order dismissing the appeal is therefore vacated and the motion to dismiss the appeal for the reason that the order appealed from is not reviewable is overruled.

ORDER DISMISSING APPEAL VACATED AND MOTION TO DISMISS OVERRULED.