In re Application of Richling.  W. D. Richling, doing
business as Richling Transport Service, appellee, v.
Transit, Inc., et al., appellants.
47 N. W. 2d 413

Filed March 30, 1951.  No. 32890.

*Lawrence W. Moore, Einar Viren,* and *R. E. Powell,* for appellants.

*Jack Devoe, Harold M. Nelson,* and *R. A. Vestecka,* for appellee.

Heard before SIMMONS, C. J., CARTER, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an appeal from an order of the Nebraska State Railway Commission granting a temporary certificate of convenience and necessity.

On May 5, 1950, W. D. Richling, doing business as Richling Transport Service, filed an application with the commission in which he requested temporary authority to transport refined petroleum products in tank trucks as a common carrier in intrastate commerce over irregular routes as described in the application. On May 9, 1950, a temporary certificate of convenience and necessity was granted. On May 26, 1950, Transit, Inc., filed its motion to vacate and set aside the order of May 9, 1950, for the reason that it was void. Other common carriers, holding certificates of convenience and necessity permitting them to transport petroleum products in tank trucks between the points authorized in the temporary certificate granted to Richling, also filed motions to vacate the order of May 9, 1950, on the ground of its invalidity, and asserted their willingness and ability to provide efficient service under the certificates of convenience and necessity which they themselves held. On June 16, 1950, the motions to vacate and set aside the order of May 9, 1950, were overruled by the commission. Motions for a rehearing were duly filed and on June 20 and 23, 1950, they were overruled. Notice of appeal was filed on June 28, 1950.

The record shows that the Richling application was

handled by the commission ex parte, no notice having been given to any person other than the applicant. The primary question before us is whether the commission has the power to grant a temporary certificate of convenience and necessity without giving notice to other certificate holders whose rights are infringed upon by the order.

The order of the railway commission appealed from is an order subject to review by this court. In re Application of Airline Ground Service, Inc., 151 Neb. 837, 39 N. W. 2d 809.

The powers of the railway commission are derived from the Constitution. It is provided in part in Article IV, section 20, Constitution of Nebraska: "The powers and duties of such commission shall include the regulation of rates, service and general control of common carriers as the Legislature may provide by law. But, in the absence of specific legislation, the commission shall exercise the powers and perform the duties enumerated in this provision." In the absence of implementing legislation the powers of the railway commission under this section are plenary in character and self-executing. But when the Legislature acts within the scope of the constitutional provision, the railway commission is subjected to the provisions of such legislation. Rodgers v. Nebraska State Railway Commission, 134 Neb. 832, 279 N. W. 800.

The Legislature has prescribed the method by which the railway commission may issue certificates of convenience and necessity. Such legislative requirements are contained in sections 75-228, 75-229, and 75-230, R. R. S. 1943. These sections of the statute require that a common carrier by motor vehicle operating upon the public highways of this state have a certificate of convenience and necessity issued by the railway commission authorizing such operation. Such certificate may be issued upon application and the service of notice by mail by the commission upon all interested parties.

A hearing at which all interested parties shall have an opportunity to be heard is contemplated. In the present case no notice was served, no opportunity to be heard by those interested was given, and no hearing held except an ex parte hearing before the commission. The appellants contend that this does not meet the requirements of the quoted sections of the statute.

It will be observed that the quoted sections of the statute make no distinction between temporary and permanent certificates of convenience and necessity. The purpose of notice to interested persons is to give opportunity for hearing before certificates of convenience and necessity, which are or may be injurious to the rights of others, are issued. It is evident that a temporary certificate, improvidently issued, may be as injurious as a permanent one. This is particularly true where it appears that the duration of a temporary certificate is not defined and may be kept in force for an indefinite period of time by the commission. The exercise of such powers by the commission is authorized by the cited statutes only after notice and hearing. It is fundamental of course that the form of an order, or the label placed upon it, does not determine its character. It is the substance of the order which is controlling in determining its nature. In re Application of Airline Ground Service, Inc., *supra*. The designation of a certificate of convenience and necessity as temporary makes it no less a certificate of convenience and necessity, as that term is used in the cited sections of the statute. A temporary certificate, without limitations as to duration and kept in force at the whim of the commission, does something more than maintain a temporary status; it in fact grants important rights which, as in the case before us, may conflict with the rights of other certificate holders. The power of the railway commission to issue a certificate of convenience and necessity is grounded on the filing of an application, the giving of notice to

interested persons, and a hearing. Furthermore, the statute requires that the finding that applicant is fit, willing, and able to perform the proposed service, and that such service is or will be required by the present or future public convenience and necessity, must be sustained by evidence showing that the granting of the certificate was not arbitrary or unreasonable. In re Application of Moritz, 153 Neb. 206, 43 N. W. 2d 603; In re Application of Chicago, B. & Q. R. R. Co., 152 Neb. 367, 41 N. W. 2d 165. No evidence was taken in the present case and no bill of exceptions is here presented. Appellants having no notice of the ex parte hearing were, of course, thereby prevented from offering evidence, a right which the statute gives them. We are required to say that the railway commission failed to comply with sections 75-228, 75-229, and 75-230, R. R. S. 1943, and consequently failed to comply with the conditions precedent to the issuance of a valid certificate of convenience and necessity.

It is urged that the order and certificate were valid under the provisions of section 75-410, R. R. S. 1943. A careful reading of this section, when read in conjunction with section 75-409, R. R. S. 1943, to which it refers, shows that it relates to freight rates, tariffs, schedules, rate orders, and circulars. It has no application whatever to the denial or grant of a certificate of convenience and necessity to common carriers by motor vehicle in intrastate commerce upon the public highways of the state. We have previously held that the method of securing a certificate of convenience and necessity is controlled by section 75-229, R. R. S. 1943, unless specific statutory exceptions are made thereto. In re Application of Neylon, 151 Neb. 587, 38 N. W. 2d 552. We find no specific exception thereto and hold that sections 75-228, 75-229, and 75-230, R. R. S. 1943, control in the present case.

We conclude that the order of May 9, 1950, was not

issued in compliance with sections 75-228, 75-229, and 75-230, R. R. S. 1943, and is consequently void.

REVERSED.

MESSMORE, J., participating on briefs.