IN RE APPLICATION OF PETERSEN & PETERSEN, INC. PETERSEN & PETERSEN, INC., APPELLEE, v. UNION PACIFIC RAILROAD COMPANY, APPELLANT.

50 N. W. 2d 222

Filed November 30, 1951. No. 33027.

*John J. Burchell* and *A. W. Scribner,* for appellant.

*Robert E. Powell,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

Appellee was a motor carrier of property over regular

routes in Nebraska by authority granted it by the Nebraska State Railway Commission, hereinafter designated commission. Ivan H. Franzen was the holder of a certificate of public convenience and necessity issued to him by the commission for the transportation by motor vehicle of commodities over irregular routes within the state. They made a joint application to the commission for an order effectuating a sale and transfer of the operating rights of Ivan H. Franzen as evidenced by his certificate of public convenience and necessity to appellee, as provided by the terms of a contract between them, a copy of which was attached to and made a part of the application. Appellant by written protest objected to the granting of the application.

The hearing of the matter resulted in findings by the commission that appellee should be authorized to purchase the operating rights of Franzen and to conduct the motor operations specified in the certificate of public convenience and necessity issued to him, and that it, as modified in one particular, be assigned to appellee. The order of the commission approved the application and authorized appellee to conduct operations under the Franzen certificate, canceled the certificate of public convenience and necessity of appellee, and issued a new one to it. This appeal challenges the validity of the findings and order.

The single thing sought to be acquired by appellee in the proceedings shown by the record was the certificate of public convenience and necessity issued to and held by Ivan H. Franzen. Appellant asserts that the commission does not have jurisdiction to transfer a certificate of public convenience and necessity. The position of appellee is that the commission has such authority and that it properly exercised it in this case.

The source of the claimed authority in this regard is section 75-240, R. R. S. 1943. The pertinent parts of this are: "It shall be lawful, under conditions specified below, but under no other conditions, for two or more

motor carriers to consolidate or merge their properties, or any part thereof, into one ownership, management or operation of the properties theretofore in separate ownership, or for any such motor carrier, or two or more such motor carriers jointly, to purchase, lease or contract to operate the properties, or any part thereof, of another such carrier; * * *. Whenever a consolidation, merger, purchase, * * * is proposed, the carrier or carriers or person seeking authority therefor shall present an application to the State Railway Commission * * *. If, * * * the commission finds that the transaction proposed will be consistent with the public interest and does not unduly restrict competition, it may enter an order approving and authorizing such consolidation, merger, purchase, * * * upon such terms and conditions as it shall find to be just and reasonable."

The certificate issued to Franzen and sought to be acquired by appellee is not property within the terms "properties, or any part thereof" as used in the parts of the section of the statute set out above. It has been considered in this jurisdiction that a certificate of convenience and necessity is a permit or license, and is not property in a legal or constitutional sense. In Effenberger v. Marconnit, 135 Neb. 558, 283 N. W. 223, this court said: "We necessarily conclude that a certificate of convenience and necessity is in the nature of a permit or license and that it is not property in any legal or constitutional sense. It is a mere license that can be amended or revoked by the power authorized to issue it. Such being the case, it is personal in its character, is not transferable, and does not pass by succession. It is purely a regulatory measure that can vest no property right in the holder." See, also, In re Application of Neylon, 151 Neb. 587, 38 N. W. 2d 552.

The commission has power to approve and allow applications by virtue of section 75-240, R. R. S. 1943, only when one or more of the situations therein set forth is present and when the conditions therein spe-

cified exist. In In re Application of Neylon, *supra,* this court said: "But section 75-240, R. S. 1943, does not relate to the commission's authority to issue certificates of convenience and necessity. It relates to the commission's authority to approve and authorize, upon such terms and conditions as it finds to be just and reasonable, the consolidation, merger, purchase, lease, contract to operate, or acquisition of control by the purchase of stock, of the properties of motor carriers for the purpose of ownership, management, or operation thereof. However, the commission, under this section, has such authority only when the situations therein set forth are present and when the conditions therein specified are found to exist." See, also, In re Application of Silberman, 153 Neb. 338, 44 N. W. 2d 595.

Appellee concedes that the conclusion of the case of Effenberger v. Marconnit, *supra,* as to the status of certificates of convenience and necessity was correct when announced, and that it was the generally accepted view, but it contends that recent decisions "have somewhat changed the situation and the modern view is that under certain circumstances and conditions a certificate of public convenience and necessity may properly be classified as 'property' or a 'property right'." The authorities discussed by appellee are neither so persuasive nor convincing as to justify retreat by this court from the considered view expressed and repeated by it that such a certificate is a permit or license and not property or a property right in any legal or constitutional sense. It is not claimed by appellee that any court of final decision has departed from or changed its expressed view on this subject. All that justifiably may be asserted in this regard is that there is not unanimity of view on the question by all courts.

The action of the commission in the matter presented to the court by this appeal was administrative or legislative in nature and the court has the duty to determine whether or not the order of the commission was within

its authority. In re Application of Neylon, *supra*. The record does not show any situation within the provision of the statute relied upon by the parties and by virtue of which the commission attempted to act.

The order of the commission should be, and it is reversed.

REVERSED.