R. B. "DICK" WILSON, INC. OF NEBRASKA ET AL.,
APPELLANTS, V. E. DOROTHEA AND CORWIN J. HARGLE-
ROAD, A COPARTNERSHIP, DOING BUSINESS AS HARGLE-
ROAD VAN & STORAGE COMPANY, APPELLEES.

86 N. W. 2d 177

Filed November 22, 1957. No. 34214.

*Viren, Emmert, Hilmes & Gunderson* and *Robert S. Stauffer,* for appellants.

*Jack Devoe, James E. Ryan* and *Conway & Irons,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

The petition in this case alleges that the plaintiff R. B. "Dick" Wilson, Inc., a corporation, and six other plaintiffs are the holders of certificates of public convenience and necessity issued by the Nebraska State Railway Commission whereby they are authorized to transport as common carriers in intrastate commerce crude petroleum, its refined products, and its byproducts. The areas of transportation are described but necessity to set this out does not appear. They are appellants herein. They will be hereinafter referred to as plaintiffs.

The petition further alleges in substance that E. Dorothea and Corwin J. Hargleroad, a copartnership, doing business as Hargleroad Van & Storage Company, defendants and appellees, were on October 24, 1945, issued a certificate of public convenience and necessity by the Nebraska State Railway Commission to transport intrastate as a common carrier in the areas served by the plaintiffs, products including those authorized by the certificates of public convenience and necessity issued to the plaintiffs, which certificate so issued to the defendants was void for the reason that it was issued without authority of law, and that by reason of the operation of the defendants under the void certificate the plaintiffs have and will in the future suffer irreparable damage and injury. The plaintiffs prayed that the defendants be enjoined from operating as a common carrier in intrastate commerce until they have obtained a valid certificate of public convenience and necessity.

To the petition the defendants filed a demurrer on the grounds: (1) That the petition did not state a cause of action; (2) that the court has no jurisdiction of the subject matter; (3) that the Nebraska State Railway Commission has sole and exclusive jurisdiction over the issuance, modification, amendment, suspension, or revocation of certificates of public convenience and necessity and exclusive control over common carriers; and (4) that a certificate of public convenience and necessity is not a proper subject matter for jurisdiction of the courts. The demurrer is in essence a general demurrer with specifications stated as to why it is contended that the petition does not state a cause of action.

The demurrer was sustained and the action dismissed. From the decree sustaining the demurrer and the order dismissing the action the plaintiffs have appealed.

The determination of the matters presented on this appeal must be made agreeable to the following rule: "A general demurrer admits all allegations of fact in the pleading to which it is addressed, which are issuable, relevant, material, and well pleaded; but does not admit the pleader's conclusions of law or fact." In re Estate of Halstead, 154 Neb. 31, 46 N. W. 2d 779. See, also, Boettcher v. County of Holt, 163 Neb. 231, 79 N. W. 2d 183.

At the outset of the consideration of the appeal it appears well to say that, taking the allegations as true, as they must be taken for the purpose of the present determination, the defendants were without a valid certificate. Their certificate was issued without authority of and contrary to law, and operation under it was by declaration of statute unlawful.

The powers and duties of the Nebraska State Railway Commission and the limitation of the power thereof are found in Article IV, section 20, Constitution of Nebraska, as follows: "There shall be a State Railway Commission, * * *. The powers and duties of such commission shall include the regulation of rates, service and general

control of common carriers as the Legislature may provide by law. But, in the absence of specific legislation, the commission shall exercise the powers and perform the duties enumerated in this provision."

The Legislature in pursuance of this grant of power to it did with propriety establish rules and regulations for the application for and the issuance of certificates of public convenience and necessity for motor vehicle common carriers. In the case of In re Application of Hergott, 145 Neb. 100, 15 N. W. 2d 418, it was said: "In conformity with the constitutional provision, the legislature has the right to prescribe how the Nebraska state railway commission may proceed and what authority it may exercise in granting certificates of public convenience and necessity for operation of motor vehicles for hire intrastate." See, also, In re Application of Neylon, 151 Neb. 587, 38 N. W. 2d 552; In re Application of Richling, 154 Neb. 108, 47 N. W. 2d 413.

In pursuance of the power granted, the Legislature enacted what now appears as section 75-228, R. R. S. 1943, which provides: "It shall be unlawful for any common carrier by motor vehicle subject to the provisions of sections 75-222 to 75-250 to engage in any intrastate operations on any public highway in Nebraska unless there is in force with respect to such carrier a certificate of public convenience and necessity issued by the State Railway Commission authorizing such operations." This of course contemplates a certificate which has validity.

Section 75-229, R. R. S. 1943, provides certain essential requirements antecedent to the issuance of a valid certificate as follows: "Application for certificates shall be made in writing to the State Railway Commission, be verified under oath, and shall be in such form and contain such information as the commission shall by regulation require. Upon filing of such application the commission shall serve notice by mail upon all interested parties." This court has held that no certificate

is valid in the absence of compliance with these requirements.

In the case of In re Application of Richling, *supra,* it was said: "The power of the railway commission to issue a certificate of convenience and necessity is grounded on the filing of an application, the giving of notice to interested persons, and a hearing. \* \* \* We are required to say that the railway commission failed to comply with sections 75-228, 75-229, and 75-230, R. R. S. 1943, and consequently failed to comply with the conditions precedent to the issuance of a valid certificate of convenience and necessity." See, also, In re Application of Moritz, 153 Neb. 206, 43 N. W. 2d 603.

In the present instance there was a total failure to give notice to interested parties and to have a hearing on the application.

In the light of the Constitution, the statutes, and the decisions of this court it becomes apparent that it must be held for the purposes of this case that the defendants had no recognizable certificate of public convenience and necessity and that their operation, as charged in the petition, was unlawful.

An effect of the decree sustaining the demurrer is to say that notwithstanding this the plaintiffs may not maintain this action for the reason that the court has no jurisdiction to entertain it. The theory is that the Nebraska State Railway Commission has original and exclusive jurisdiction over the question of whether or not the defendants may operate as it is contended that they were operating.

The cases cited by the defendants do not support this theory and neither do the statutes. It is true that by section 75-225, R. R. S. 1943, the State Railway Commission has been granted general supervision and control over motor carriers, but nothing contained therein or elsewhere has been found the effect of which is to say that the courts are without jurisdiction to render relief against acts which are effectually prohibited by the

statutes giving the Nebraska State Railway Commission control over common carriers by motor vehicles.

In Northern Pacific Ry. Co. v. Bennett, 83 Mont. 483, 272 P. 987, it was said: "The possession of the required certificate is a prerequisite to the operation of a motor vehicle for hire under such an Act as ours, and operation without it may be enjoined by the courts * * * and a railway company showing material loss by reason of the illegal operation of a bus line in competition with it has such an interest as entitles it to prosecute such an injunction proceeding." The opinion in Union Transfer & Storage Co. v. Huber & Huber, 265 Ky. 736, 97 S. W. 2d 609, supports this principle. We think the principle embodied in these cases is legally sound and should be adhered to. The potential of the opposite view points to alarming possibilities. It would leave the door open to the issuance by the commission at its will of void certificates and unlawful motor carriers on the highways to the injury and damage of properly authorized carriers with resort directly for redress only to the commission. If the right to injunction in instances such as this does not exist danger similar to that contemplated by the following from the opinion in In re Application of Airline Ground Service, Inc., 151 Neb. 837, 39 N. W. 2d 809, becomes readily apparent: "If the interpretation thus made is not the correct one, it could well result in an administrative tyranny over common carriers by the use of temporary or interim orders."

Furthermore there is a clear indication in the statute itself that the Legislature never intended to leave the question of the violation of the powers declared by the act to exclusive determination by the commission. Section 75-249, R. R. S. 1943, made provision for criminal prosecution and punishment of persons knowingly and willfully violating the provisions of the act. This was a part of the act from the beginning. This section was amended in 1951 but this characteristic was not re-

moved. See § 75-249, R. S. Supp., 1955. This of course contemplates jurisdiction of courts. It appears unreasonable to say that the courts have this right, but that the power of injunction is denied where such violations also impair the substantial rights of parties.

The effect of the fourth ground of the demurrer is to say that the plaintiffs had no rights which were subject to protection by injunction, hence there was nothing over which the courts could exercise jurisdiction.

The contention, as we interpret it, is that a certificate of public convenience and necessity is not in any true sense property and it does not create or confer upon the holder any vested right, therefore he has no right in circumstances such as have been pleaded in the petition which may be protected by injunction.

It is true that a certificate of public convenience and necessity is not property, it is personal in nature, but is in the nature of a permit or license. In Effenberger v. Marconnit, 135 Neb. 558, 283 N. W. 223, it was said: "A certificate of convenience and necessity issued by the railway commission is in the nature of a permit or license, personal in its nature, and is not property in any legal or constitutional sense." See, also, In re Application of Neylon, *supra;* In re Application of Petersen & Petersen, Inc., 154 Neb. 877, 50 N. W. 2d 222.

It does not follow from this that certificate holders do not have the right to protest and receive protection against those who have without authority of law entered into operations within the field covered by their certificates.

The statute by its terms tacitly recognizes that certificate holders do have rights flowing from their certificates which they are permitted to protect. See §§ 75-229 and 75-230, R. R. S. 1943. Under these provisions a certificate holder is entitled to notice of a lawful application of another for a certificate of public convenience and necessity for operation in the area covered by his certificate and to an opportunity to protest. In

re Application of Richling, *supra.* This alone would be sufficient justification for saying that a certificate holder has a right under his certificate to take action to prevent one who is operating unlawfully and without any authority from continuing to operate to his injury and damage.

The certificate, as has been said, is not property but is only in the nature of a license. It does not follow however that the certificate holder does not have property rights flowing from the certificate while it is in force and effect. Under the certificate he is entitled to perform the service contemplated thereby and to make lawful charges. It cannot well be said that when his opportunity for service and for the making of profit has been impaired that a property right has not been involved.

In Frost v. Corporation Commission, 278 U. S. 515, 49 S. Ct. 235, 73 L. Ed. 483, the court held that a permit in essence the same as a certificate of public convenience and necessity in this state was more than something in the nature of a license, but in commenting on the question of whether or not a property right was involved by invasion of its grant, said: "While the right thus acquired does not preclude the state from making similar valid grants to others, it is, nevertheless, exclusive against any person attempting to operate a gin without obtaining a permit or, what amounts to the same thing, against one who attempts to do so under a void permit; in either of which events the owner may resort to a court of equity to restrain the illegal operation upon the ground that such operation is an injurious invasion of his property rights. * * * The injury threatened by such an invasion is the impairment of the owner's business, for which there is no adequate remedy at law." See, also, Northern Pacific Ry Co. v. Bennett, *supra;* Union Transfer & Storage Co. v. Huber & Huber, *supra.* The conclusion reached is that the cause of action

pleaded was predicated upon a right cognizable by a court of equity.

The district court erred in sustaining the demurrer to the petition and in dismissing the action. The decree and order in these respects is reversed and the cause is remanded for further proceedings.

REVERSED AND REMANDED.