In re Application of Gerald Strasheim, doing business as Jerry's Tank Service, Kimball, Nebraska. Gerald Strasheim, doing business as Jerry's Tank Service, Kimball, Nebraska, appellant, v. Earl Martin et al., appellees.

101 N. W. 2d 161

Filed February 11, 1960. No. 34707.

*Torgeson & Hurlbut,* for appellant.

*Martin, Davis, Mattoon & Matzke,* for appellees.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

MESSMORE, J.

On December 8, 1957, Gerald Strasheim, appellant, filed application No. M-10877 with the Nebraska State Railway Commission, hereinafter referred to as the commission, seeking a certificate of public convenience and necessity to operate as a common carrier of property by motor vehicle in Nebraska intrastate commerce, authorizing him to transport water, mud, and crude oil for drilling and completion purposes only, in tank vehicles, between all points and places in Nebraska over irregular routes.

On January 27, 1958, a protest was filed by R. B. "Dick" Wilson, Inc., of Nebraska. On February 3, 1958, a protest was filed by Earl Martin, doing business as Martin Water Service, Kimball, Nebraska; A & W Water Service, Sidney, Nebraska; Reliable Tank Truck Service, Inc., Sidney, Nebraska; Pfeiffer Water Service, Kimball, Nebraska; and V & M Tank Truck Service, Sterling, Colorado. These protests were to the effect that

present and future public convenience and necessity did not require the service proposed; and that these protestants held certificates of public convenience and necessity issued by the commission. The prayers were for a denial of the application.

On February 17, 1958, the matter having been referred to an examiner for the commission, the examiner filed his report recommending denial of the application.

On February 24, 1958, exceptions to the examiner's report and recommendation were filed with the commission by the applicant.

On June 24, 1958, the commission entered an order sustaining objections to the examiner's report, overruling the examiner's report, and granting the application as amended.

On August 11, 1958, the order of the commission dated June 24, 1958, was mailed to all parties interested.

On August 21, 1958, motion for rehearing was filed with the commission by the protestants.

On November 24, 1958, oral argument on the motion for rehearing was waived by the protestants.

On April 29, 1959, the commission overruled the motion for rehearing filed by the protestants on August 21, 1958.

On April 29, 1959, the commission reconsidered its action taken on June 24, 1958, wherein the commission granted the applicant's application for a certificate of public convenience and necessity by a majority vote, and then denied the application by a majority vote.

On June 1, 1959, the applicant filed a motion for rehearing and reconsideration with the commission.

On July 2, 1959, oral argument on the applicant's motion for rehearing and reconsideration was had before the commission, and on the same date the commission overruled the applicant's motion for rehearing and reconsideration. The applicant appeals to this court.

Hearing was held on February 7, 1958, before an examiner for the commission in the commission hearing

room, Capitol Building, Lincoln, Nebraska, on the application of Gerald Strasheim, doing business as Jerry's Tank Service, application No. M-10877, for certificate of public convenience and necessity. Due and proper notice to all interested parties was given by mail dated January 21, 1958. We deem it unnecessary to set forth the evidence adduced at the hearing before the examiner. We consider an assignment of error raised by the appellant which we believe determines this appeal.

The appellant contends that the commission's order entered April 29, 1959, captioned "Action taken June 24, 1958, reconsidered and application denied by majority vote of the commission" is unlawful, null, and void for the reason that the commission had no jurisdiction to enter said order, its jurisdiction having ceased upon the entry of its order dated April 29, 1959, overruling the motion for rehearing, which order was a final determination of said application and which became conclusive by virtue of no appeal having been taken from said order.

The appellant makes reference to Article IV, section 20, of the Constitution of this state, which provides in part: "There shall be a State Railway Commission, * * *. The powers and duties of such commission shall include the regulation of rates, service and general control of common carriers as the Legislature may provide by law."

Section 75-405, R. R. S. 1943, provides in part: "If any * * * common carrier, * * * shall be dissatisfied with the decision of the State Railway Commission * * * with reference to any * * * order, * * * made * * * upon which there has been a hearing before the commission, * * * such dissatisfied * * * common carrier, * * * may institute proceedings in the Supreme Court of Nebraska to reverse, vacate, or modify the order complained of; Provided, the time for appeal from the orders and rulings of the commission to the Supreme Court shall be limited to one month from the

date of the entry of the order or ruling to which complaint is made."

Section 75-406, R. R. S. 1943, provides: "The procedure to obtain such reversal, modification, or vacation of any such order or regulation made and adopted, upon which a hearing has been had before the State Railway Commission, shall be governed by the provisions in force with reference to appeals from the district courts to the Supreme Court of Nebraska; Provided, no motion for a new trial shall be required to be filed, but instead a motion for rehearing shall be filed within ten days after the mailing of a copy of such order by the commission to the persons affected, and the time for appeal shall run in case such motion is filed from the date of the ruling of the commission on the motion for rehearing."

In the case of In re Application of Hergott, 145 Neb. 100, 15 N. W. 2d 418, it was said: "In conformity with the constitutional provision, the legislature has the right to prescribe how the Nebraska state railway commission may proceed and what authority it may exercise in granting certificates of public convenience and necessity for operation of motor vehicles for hire intrastate." See, also, In re Application of Neylon, 151 Neb. 587, 38 N. W. 2d 552; R. B. "Dick" Wilson, Inc. v. Hargleroad, 165 Neb. 468, 86 N. W. 2d 177.

Section 75-225, R. R. S. 1943, reads in part as follows: "Jurisdiction is hereby conferred upon and vested in the State Railway Commission, and it shall be its duty * * * (3) to administer, execute and enforce all other provisions of said sections, to make all necessary orders in connection therewith, and to prescribe rules, regulations and procedure for such administration, except that proceedings before the commission, appeals to the Supreme Court, and the enforcement of orders by the commission shall be governed in all respects by sections 75-401 to 75-423; * * *."

Section 75-416, R. R. S. 1943, provides in part: "The

order or orders provided for in sections 75-412, 75-413 and 75-415 shall be in force and effect from and after the date fixed by the State Railway Commission, and shall so remain until annulled, modified or revised by the commission, or until finally adjudged to be unreasonable and unjust in a court of competent jurisdiction, * * *."

In the case of Airline Ground Service, Inc. v. Checker Cab Co., 151 Neb. 837, 39 N. W. 2d 809, this court said: "Under the provisions of section 75-416 the order takes effect from the time prescribed and continues in force for the time specified unless the order is annulled, revised, or modified by the commission, or set aside by a court of competent jurisdiction."

In the case of Miller v. Consolidated Motor Freight, Inc., 168 Neb. 712, 97 N. W. 2d 265, the procedure before the commission was as follows: On March 6, 1958, Miller filed an application with the commission wherein he sought an extension of his regular route certificate of public convenience and necessity. On May 27, 1958, Consolidated Motor Freight, Inc., and Burlington Truck Lines, Inc., as protestants, filed a formal protest objecting to the granting of the application of Miller. On July 1, 1958, an examiner for the commission filed a report with the commission wherein he recommended that Miller's application be granted in its entirety. On July 7, 1958, the protestants filed exceptions to the examiner's report and recommendation. On July 28, 1958, oral argument on the objections filed by the protestants to the examiner's report and recommendation was had before the commission. On August 1, 1958, the commission entered its order sustaining the exceptions filed by the protestants to the examiner's report, and denied Miller's application in part. On September 8, 1958, Miller filed a motion for rehearing and reconsideration of the commission's order entered August 1, 1958. On September 9, 1958, a motion for rehearing of the commission's action of August 1, 1958, was filed by the

protestants. On September 24, 1958, the protestants made request in writing that their motion for rehearing filed under date of September 9, 1958, be withdrawn. This request was granted by the commission. On September 22, 1958, hearing was had on Miller's motion for rehearing and reconsideration before the commission. On November 11, 1958, the commission issued its order in which it sustained Miller's motion for reconsideration, vacated and set aside its prior order dated August 1, 1958, approved the examiner's report as previously referred to, and granted Miller's application in its entirety.

We have set forth the procedural history of the Miller case and the case at bar. In Miller v. Consolidated Motor Freight, Inc., *supra*, Miller's motion for rehearing and reconsideration was sustained. In the case at bar the protestants' motion for rehearing was overruled. In Miller v. Consolidated Motor Freight, Inc., *supra*, the commission still retained jurisdiction to reconsider any action it had taken. In the case at bar the commission lost jurisdiction of the cause on April 29, 1959, when it overruled the protestants' motion for rehearing.

When the commission overruled the protestants' motion for rehearing on April 29, 1959, the commission, by its action, granted the application of Strasheim. Thus, there is a distinct difference between the action taken by the commission in the case of Miller v. Consolidated Motor Freight, Inc., *supra*, and the case at bar. Therefore, section 75-238, R. R. S. 1943, becomes applicable to the case at bar. It provides as follows: "Permits and certificates shall be effective from the dates specified therein, and shall remain in effect until terminated as herein provided. Any such permit or certificate may, upon application of the holder thereof, in the discretion of the State Railway Commission, be revoked or may, upon complaint or on the commission's own initiative, after notice and hearing, be suspended, changed or revoked in whole or in part, for willful

failure to comply with any of the provisions of sections 75-222 to 75-250, or with any lawful order, rule or regulation of the commission promulgated thereunder, or with any term, condition or limitation of such permit or certificate."

In Abler Transfer, Inc. v. Lyon, 161 Neb. 378, 73 N. W. 2d 667, this court said: "Section 75-238, R. R. S. 1943, must be considered a special statutory provision with regard to a particular subject and, as such, controls the general provisions with regard to such subject. The Nebraska State Railway Commission, in order to revoke, change, or suspend a certificate of public convenience and necessity, must proceed in accordance with the provisions thereof." See, also, Doher v. Herman, 159 Neb. 438, 67 N. W. 2d 421.

As stated in In re Application of Neylon, *supra:* "The Nebraska State Railway Commission, in order to revoke, change, or suspend a certificate of public convenience and necessity, must proceed in accordance with the provisions of section 75-238, R. S. 1943." See, also, In re Application of Hergott, *supra.*

For the reasons herein stated, we conclude that when the commission, by its order of April 29, 1959, overruled the protestants' motion for rehearing, the commission lost jurisdiction of the cause. As a consequence, the appellant's application granted by the commission remains in full force and effect.

The appellees contend that the action of the commission denying the appellant's application entered on April 29, 1959, was a final order, and that the appellant's notice of intention to appeal was filed on July 24, 1959, consequently the appellant failed to file his notice of appeal within the statutory period. Section 75-406, R. R. S. 1943, heretofore mentioned, is cited. Therefore, the notice of appeal filed by the appellant is out of time and this appeal should be dismissed.

We are not in accord with the appellees' contention. The Legislature clearly did not limit the right of review

to final orders but has conferred the right and limited its exercise to any order upon which there has been a hearing before the commission for the purpose of securing the reversal, vacation, or modification thereof. See Airline Ground Service, Inc. v. Checker Cab Co., *supra*.

We hold that the order of the commission complained of by the appellant was entered without legal authority and is null and void; and that the order of the commission granting appellant a certificate of public convenience and necessity is final.

In view of the foregoing, we reverse the commission's order of April 29, 1959, wherein the commission, after overruling the protestants' motion for rehearing reconsidered its action taken on June 24, 1958, granting the appellant's application for a certificate of public convenience and necessity and denied the appellant's application.

REVERSED.