IN RE APPLICATION OF HARGLEROAD BULK CARRIERS, INC.
HARGLEROAD BULK CARRIERS, INC., ET AL., APPELLANTS, V.
RUAN TRANSPORT CORPORATION ET AL., APPELLEES.

112 N. W. 2d 743

Filed January 12, 1962. No. 35033.

*Jack Devoe, James E. Ryan,* and *Conway & Irons,* for appellants.

*Viren & Emmert, C. J. Burrill, K. E. Wolcott, Robert E. Powell, Robert S. Stauffer,* and *Nelson, Harding & Acklie,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BROWER, J.

This is an appeal from an order of the Nebraska State Railway Commission, hereinafter referred to as the commission. The order was entered January 26, 1961, and is entitled "Order Nunc Pro Tunc Granted: Motions to Dismiss Sustained."

The appellants are Hargleroad Bulk Carriers, Inc., and E. Dorothea and Corwin J. Hargleroad, doing business as Hargleroad Van and Storage Company. The Hargleroad Bulk Carriers, Inc., will be referred to as the Hargleroad Company and the Hargleroad Van and Storage Company as the Hargleroad Partnership.

The appellees are the Nebraska Small Truckers Association; Paul Littrell; Ruan Transport Corporation; Earl Houk, doing business as Western Nebraska Truck Line;

Denver Chicago Transport Co., Inc., of Nebraska; Wheeler Transport Service, Inc.; and Melton Transport Company of Nebraska. They will be designated simply as appellees.

In order that the questions under consideration may be understood it is necessary to review chronologically the matters in controversy so far as they are pertinent to this discussion.

On October 24, 1945, the Hargleroad Partnership filed with the commission an application to acquire the operating rights of one George B. Fergus who had previously been granted a certificate of public convenience and necessity. His certificate gave him authority to operate as a common carrier of "Commodities Generally" over "irregular routes to and from all parts of the State of Nebraska." This application was thereupon docketed by the commission as application No. M-7553. On the same day the commission without giving notice and without a hearing granted the application and issued a certificate of public convenience and necessity under application No. M-7553, purporting to give the same authority to the Hargleroad Partnership as had been held by Fergus.

In July 1949, this court in the case of In re Application of Neylon, 151 Neb. 587, 38 N. W. 2d 552, held the commission had no authority to grant such transfers and issue the new certificates applied for in such cases without notice and hearing and that their action in so doing was void.

In October 1956, the partnership commenced transporting liquid petroleum in bulk tank vehicles under the Fergus certificate No. 7553. Thereafter, in November 1956, certain competitors of the Hargleroad Partnership carrying petroleum products commenced an action in the district court for Adams County seeking to enjoin the partnership from operating without a valid certificate of public convenience and necessity. The defendants demurred to the petition. The demurrer was sustained by

the trial court and the action dismissed. The plaintiffs thereupon appealed to this court.

In R. B. "Dick" Wilson, Inc. v. Hargleroad, 165 Neb. 468, 86 N. W. 2d 177, the court reversed the judgment of the trial court and remanded the cause for further proceedings. In the opinion the court stated there was a failure to give notice to interested parties and to have a hearing on the granting of the certificate to the Hargleroad Partnership. It also cited In re Application of Richling, 154 Neb. 108, 47 N. W. 2d 413, to the effect that such a certificate was invalid. It reversed the order and remanded the cause to the trial court for further proceedings. It appears from the record before us that no further proceedings were had in this action.

On November 29, 1957, the Hargleroad Partnership filed an application seeking a certificate of public convenience and necessity to transport commodities generally over irregular routes to and from all parts of the State of Nebraska, which was the same authority supposedly acquired from Fergus. This application was docketed as M-7553, supplement No. 1. It was regularly set for hearing on January 10, 1958, and proper notice was given and a hearing had.

At the conclusion of the hearing the commission granted application No. 7553, supplement No. 1, on a "temporary basis pending further hearing and final adjudication" and issued a temporary authority to the Hargleroad Partnership to conduct the transportation proposed in said application. The order granting authority ended with the following:

"IT IS FURTHER ORDERED by the Commission that the granting of this temporary authority creates no presumption that any permanent authority will be granted hereafter.

"IT IS FURTHER ORDERED that operations pursuant to this order shall be subject to such terms, conditions and limitations as have been, or may hereafter be, prescribed by the Commission."

The temporary character of the order and certificate was likewise recited in the findings of the commission.

Thereafter application No. M-7553, supplement No. 1, was referred to the examiner and the hearing, after several continuances, was finally set for June 10, 1958, at 9:30 a.m. On that day the examiner heard the same and took the evidence offered by the applicant and numerous protestants, including some of the appellees herein.

On June 26, 1958, the examiner filed his report and on November 26, 1958, filed the transcript of the evidence taken on June 10, 1958. In his report he recommended that the commission grant authority to operate to the applicant. He further recommended however that the service authorized, instead of applying to "commodities generally" as sought by the applicant and as set forth in the certificate, purportedly granted on transfer of the Fergus authority in 1945, be restricted as far as the commodities were concerned to those specified in the certificate later granted by the commission. He also recommended that certificate No. M-7553, which was issued on the transfer of the Fergus authority, be revoked and cancelled.

Exceptions to the report were made by the Hargleroad Partnership and certain protestants. A hearing was had before the commission and after being taken under advisement an order was made on December 29, 1959, in application No. M-7553, supplement No. 1, overruling the exceptions and granting the applicant a certificate of public convenience and necessity. In the findings the commission recited that the examiner's report should be approved. It set out the proposed service as follows: "3. That the proposed service is or will be required by the present or future public convenience and necessity to the following extent:

"SERVICE AND ROUTE OR TERRITORY AUTHORIZED: (A) Commodities generally, except those requiring special equipment, between all points in Ne-

braska, over irregular routes. (B) Household goods and emigrant movables, heavy machinery, contractor's equipment and articles of unusual size or weight requiring the use of special equipment, between all points in Nebraska, over irregular routes."

The order following, so far as is necessary for this discussion, is quoted here:

"IT IS THEREFORE ORDERED by the Nebraska State Railway Commission by the action of the majority thereof that *Application No. M-7553* of E. Dorothea & Corwin J. Hargleroad, dba Hargleroad Van & Storage Co., Hastings, Nebraska, be, and the same is hereby, Granted in Part; that the temporary authority granted in Application No. M-7553, Supplement No. 1, of E. Dorothea & Corwin J. Hargleroad dba Hargleroad Van & Storage Co., Hastings, Nebraska on January 10, 1958, be, and the same is hereby, revoked and cancelled and that a certificate of public convenience and necessity be, and the same is hereby, issued to E. Dorothea & Corwin J. Hargleroad, dba Hargleroad Van & Storage Co., Hastings, Nebraska in Application No. M-7553, Supplement No. 1, authorizing operations as described in paragraph No. 3 of the findings above, which findings are hereby referred to and incorporated herein. (Italics ours.)

"IT IS FURTHER ORDERED that operations pursuant to this order shall be subject to such terms, conditions and limitations as have been, or may hereafter be, prescribed by the Commission."

Motions for rehearing were filed on behalf of the Hargleroad Partnership and one of the protestants and were regularly heard and overruled on February 16, 1960. The Hargleroad Partnership appealed to this court but subsequently dismissed its appeal and it is admitted by all that this final order of December 29, 1959, is now in full force, except as it may have been changed by the order nunc pro tunc now on this appeal.

In the meantime the Legislature passed on June 17,

1959, with the emergency clause, what is now section 75-231.01, R. S. Supp., 1959, purporting to validate all certificates of public convenience and necessity issued prior to July 7, 1949, which will be hereafter set out and discussed.

The Hargleroad Corporation, on June 17, 1960, filed an application with the commission for the transfer of the authority of the Hargleroad Partnership under certificate No. M-7553, originally issued on the transfer from Fergus in 1945, which it maintains was validated by this act. This application sought to retain in the partnership the new authority granted under certifcate No. M-7553, supplement No. 1, on December 29, 1959. This application to transfer was docketed as application No. M-11195. The articles of incorporation attached to the application show that E. Dorothea and Corwin J. Hargleroad were the sole stockholders. Notice of hearing thereon was entered but no hearing was had nor evidence taken.

Thereafter there were certain appearances filed in opposition to this application on behalf of the appellees for the transfer of authority requested under application No. M-11195. Some of these were formal protests, setting out the authority of the protestants and alleging that the granting of the transfer under application No. M-11195 would interfere with their business and that adequate service existed under authorities in existence. Others stated that there was no existent authority under certificate No. M-7553 to be transferred, under the Supreme Court's opinion in R. B. "Dick" Wilson v. Hargleroad, *supra*. These protestants and appellees prayed that application No. M-11195 for the transfer should be summarily dismissed. Finally, on August 5, 1960, a motion was filed to correct the order nunc pro tunc of December 29, 1959, to show that the commission itself had revoked and cancelled all authority under certificate No. M-7553. The motion set out that the commission had so held but had neglected to show it in the

record. It prayed that the commission amend that order nunc pro tunc to show the revocation of certificate No. M-7553. A suggested order to be entered was attached to the motion. This motion also called attention to a clerical error in the order of December 29, 1959. It set out that this order should have read that, "Application No. M-7553, Supplement No. 1" was granted in part and not "Application No. M-7553." It is admitted by all parties that the authority under application No. M-7553, supplement No. 1, was the authority granted. This change made nunc pro tunc is not objected to by anyone.

On October 24, 1960, oral argument was had on the protests and motions filed by the appellees and other protestants. No notice of hearing was given in respect to these protests and motions, although copies of the protests and motions had been served on the Hargleroad Partnership and the protestants. At the hearing no evidence was taken but it was confined to oral argument on the applications and protests and motions filed.

On January 26, 1961, the commission entered an order nunc pro tunc which rewrote its order of December 29, 1959, to show that the authority granted was on application No. M-7553, supplement No. 1. This order went further, however, and revoked and cancelled nunc pro tunc as of December 29, 1959, the authority granted in application No. M-7553 in October of 1945. It dismissed application No. M-11195.

From this order revoking and canceling nunc pro tunc the authority under certificate No. M-7553, and dismissing application No. M-11195, both the Hargleroad Corporation and Hargleroad Partnership have appealed to this court. They contend this order and dismissal were arbitrary, unreasonable, and capricious.

In considering the function and propriety of a nunc pro tunc order certain rules have been laid down by this court. In Watson Bros. Transp. Co. v. Red Ball Transf. Co., 159 Neb. 448, 67 N. W. 2d 475, it was said:

"The rules relating to nunc pro tunc orders are generally applicable to administrative and quasi-judicial commissions. Frankfort Ky. Nat. Gas Co. v. City of Frankfort, 276 Ky. 199, 123 S. W. 2d 270. We have so applied them.

"In North Loup River P. P. & I. Dist. v. Loup River P. P. Dist., 149 Neb. 823, 32 N. W. 2d 869, we stated the rules as follows: ' "If a judgment in fact was rendered, if an order in fact was made, and such judgment or order not recorded, then the court, at any time afterwards, in a proper proceeding and upon a proper showing, is invested with the power to render nunc pro tunc such judgment or make such order." '

" ' "It must be borne in mind that the proper function of a nunc pro tunc order is not for the purpose of correcting some affirmative action of the court which ought to have been taken, but its true purpose is to correct the record which has been made, so that it will truly record the action really had, but which through some inadvertence or mistake has not been truly recorded. In other words, it is an order to make the record speak the truth." '

" 'We have also held that such a judgment must conform to and be no broader in its terms than the judgment actually rendered.' "

With the rules before us we have examined the transcript and bill of exceptions, not for the purpose of passing on the sufficiency of the evidence to support the order of the commission in granting the certificate of public convenience and necessity on December 29, 1959, as to which there was no appeal, but for the purpose of finding what the commission actually decided at that time with respect to revoking the authority granted in 1945 under certificate No. M-7553.

The examiner's report of the hearing had on June 10, 1958, a year before the passage of the curative act, recites that this authority was void because of the rulings of this court in R. B. "Dick" Wilson v. Hargleroad, *supra*. At the conclusion of the report the examiner recom-

mended that certificate No. M-7553, be revoked and canceled. There is, however, no finding that certificate No. M-7553 was dormant. Neither is there any finding that the Hargleroad Partnership had willfully violated the law or the rulings of the commission as required by section 75-238, R. R. S. 1943. In the case of Caudill v. Lysinger, 161 Neb. 235, 72 N. W. 2d 684, this court held: "The Nebraska State Railway Commission is without power to revoke a certificate of convenience and necessity in the absence of evidence of a willful failure of the holder thereof to observe and comply with the Motor Carrier Act or any lawful order or regulation of the commission or any term, condition, or limitation of the certificate." In the case of In re Application of Hergott, 145 Neb. 100, 15 N. W. 2d 418, it was held that before revocation or suspension there must be a finding of willful failure to comply with the provision of the law or with a lawful order, rule, or regulation of the commission promulgated thereunder or with some term, condition, or limitation of such permit or certificate.

Nowhere in the findings of the examiner in his report of the hearing on June 10, 1958, is there a finding that the certificate of the Hargleroad Partnership, No. M-7553, was dormant or that the partnership was guilty of violation of any law or rule of the commission or with the terms, conditions, or limitations of this certificate. Neither was there any such finding by the commission in its order of December 29, 1959. There is presently in the order after its amendment nunc pro tunc no such finding. Indeed, the findings set out that the partnership had acted in good faith and under color of law in each instance. Both in the findings in the examiner's report and the order of the commission dated December 29, 1959, there are extensive findings that certificate No. M-7553 was void because of the ruling of this court in R. B. "Dick" Wilson v. Hargleroad, *supra*. No other reason is given requiring the commission to revoke and annul that authority. Except for the one

sentence near the close of the examiner's report it is nowhere suggested it be revoked. This report was a report of a hearing had before the passage of the validating act of June 17, 1959. The order granting the application and issuing certificate No. M-7553, supplement No. 1, does not refer to or discuss section 75-231.01, R. S. Supp., 1959, or discuss the possibility of its having validated the authority conferred by certificate No. M-7553. It is treated by the commission in its findings on December 29, 1959, as void under the Supreme Court's decisions and because of the other matters hereinafter referred to. The commission on overruling the exceptions to its order of December 29, 1959, did not suggest that it had revoked and cancelled certificate No. M-7553. An examination of the evidence taken on January 10, 1958, and June 10, 1958, fails to show that this certificate was dormant or that the Hargleroad Corporation had willfully violated the law or the rules of the commission, or the provisions or conditions of the certificate. Not until the protests and motions filed in July and August 1960, is it anywhere suggested that the commission had revoked or cancelled this certificate in December 1959. In its order nunc pro tunc of January 26, 1961, the commission does state it had revoked this authority by its order of December 29, 1959, but it dwells at great length that it was void anyway by the Supreme Court decisions and the other matters to be discussed. In the entire proceedings there was no notice that the commission was to consider revoking the authority in certificate No. M-7553.

Prior to December 1959, the notice had always been to hear application No. M-7553, supplement No. 1, and in most notices the purpose was spelled out in the notice in the following words: "Applicant seeks a certificate of public convenience and necessity as a common carrier."

In the case of Ferguson Trucking Co., Inc. v. Nebraska State Railway Commission, 169 Neb. 851, 101 N. W. 2d 444, this court said: "On complaint or on the initiative

of the Nebraska State Railway Commission, a permit or certificate of public convenience and necessity may be suspended, changed, or revoked in whole or in part, after notice and hearing, for willful failure to comply with any of the provisions of sections 75-222 to 75-250, R. R. S. 1943, or with any lawful order, rule, or regulation of the commission promulgated thereunder, or with any term, condition, or limitation of such permit or certificate.

"An order of revocation of a permit or certificate of public convenience and necessity by the Nebraska State Railway Commission without compliance with the provisions of section 75-238, R. R. S. 1943, as to notice and hearing is not effective as a revocation."

In the case before us no such notice was given prior to the order of December 29, 1959, and in fact was not given prior to the order nunc pro tunc. Neither was any hearing had in connection with the nunc pro tunc order.

Because of failure of notice and hearing, the absence of findings either of dormancy or willful failure to comply with sections 75-222 to 75-250, R. R. S. 1943, or the lawful orders, rules, or regulations of the commission, or the terms and conditions of the certificate, and for the reason it appears from the record and the evidence the commission attempted to do by a nunc pro tunc order that which it felt should have been done instead of what it really did, we are constrained to hold that the order by which the commission revoked and cancelled certificate No. M-7553 by a nunc pro tunc order was arbitrary, unreasonable, and void.

It is contended by the appellees however that this certificate is void in any event for the reasons which will now be discussed. They urge that no prejudice therefor resulted from the making of the order.

They further contend that certificate No. M-7553, granted in 1945, was void because of the holding of this court in the case of R. B. "Dick" Wilson, Inc. v. Hargle-

road, *supra*, and that ended the litigation prior to the enactment of the validating statute in June 1959. In that case the petition sought injunctive relief preventing the Hargleroad Partnership from operating under the authority acquired from Fergus in 1945 in application No. M-7553. This court reversed the judgment of the trial court, stating that the certificate in suit under the law then existing was void and that in those circumstances injunctive relief was proper. It did not however purport to be a final order. It remanded the cause for further proceedings. The record before the commission shows that at the time of its order, entered December 29, 1959, no further action in the district court had taken place. Hence, it appears no final order was entered and if the Legislature intended by enacting what is now section 75-231.01, R. S. Supp., 1959, to affect pending litigation, then this litigation as far as the decision of this court was concerned was still pending and not finally decided.

The appellees suggest that the order of the commission of January 10, 1958, though temporary in nature, was a final order terminating the proceedings and adjudicating the rights of the parties prior to the passage of section 75-231.01, R. S. Supp., 1959. They cite in support of this contention the cases following: In re Application of Airline Ground Service, Inc., 151 Neb. 837, 39 N. W. 2d 809; In re Application of Richling, *supra*. On reading these cases it is clear that this court held therein that the commission's temporary orders while in force conferred the same authority which a permanent certificate would authorize, and that in such a case it was a final reviewable order for the purpose of appeal to this court. They did not purport to hold that they were permanent or final orders of the commission. The order of January 10, 1958, was clearly a temporary order. Moreover, it expressly states that it was to create no presumption that any permanent authority would thereafter be granted. The commission was retaining jurisdiction to finally decide the whole matter. Under the

circumstances the matter was pending before the commission.

The appellees further claim the passage of what is now section 75-231.01, R. S. Supp., 1959, which became effective on June 17, 1959, a year after the hearing had before the examiner, has no application to matters already pending. That section reads as follows: "All certificates of public convenience and necessity and all permits issued pursuant to sections 75-222 to 75-250, prior to July 7, 1949, without notice and hearing and without a finding of public convenience and necessity are hereby validated and shall not be subject to formal complaint or collateral attack."

In considering this statute there is no contention on the part of any parties here that it was not a valid exercise of power by the Legislature and consequently that question is not before us. We are faced only with the question of its applicability and scope as it affects the matters involved herein. It is quite clear that this statute is wholly a curative statute, retrospective in operation and remedial in its nature, and is in confirmation of rights already existing. The provisions requiring notice and hearing were provided by the Legislature. They were dispensed with by the Legislature as to the authority granted in these old certificates. This court hitherto cited with approval Corpus Juris in regard to curative statutes in City of Fremont v. Dodge County, 130 Neb. 856, 266 N. W. 771, as follows: " 'Curative statutes, by reason of their remedial and retrospective nature, are applicable not only to past transactions generally, but also to cases pending in the trial court, * * *. It is truly said that the bringing of suit vests in a party no right to a particular decision; and his case must be determined on the law as it stands, not when the suit is brought, but when judgment is rendered.' 2 Lewis' Sutherland, Statutory Construction (2d ed.) sec. 677. See, also, Cooley, Constitutional Limitations (6th ed.)

469." This rule presently appears in 82 C. J. S., Statutes, § 430 b, p. 1004.

It appears that section 75-231.01, R. S. Supp., 1959, is clearly retrospective and remedial in purpose and effect, and would apply to the litigation still pending in R. B. "Dick" Wilson, Inc. v. Hargleroad, *supra*, and the proceedings before the commission with respect to the authority of the Hargleroad Partnership, neither of which matters was finally determined before its enactment.

Appellees also contend that the status of the Hargleroad Partnership was protected by the temporary authority granted by the commission in its order of January 10, 1958, and that the Legislature did not intend to validate authority already validated and conferred by order of the commission. As discussed hitherto, that authority was only temporary by its terms and it was superseded by the final order of December 29, 1959. The order of December 29, 1959, did not continue the authority validated by the curative statute passed by the Legislature. The authority was changed from authority to carry "Commodities Generally" to that of authority to "carry commodities generally excepting those requiring special equipment" save as subsequently mentioned in the order. It is quite apparent from the record therein that most of the proceedings before the commission, as well as that of the suit in the district court in R. B. "Dick" Wilson, Inc. v. Hargleroad, *supra*, were as to whether the Hargleroad Partnership was to have authority to transport petroleum and petroleum products and oil field equipment, and that the authority in the new certificate of public convenience and necessity, granted December 29, 1959, excluded commodities requiring special equipment in order to prevent it from carrying those particular commodities.

Lastly, they contend that the result is the Hargleroad Partnership now has two authorities, one of which it is now attempting to transfer to the Hargleroad Corpora-

tion, resulting in the creation of a new competing authority in the field.

It is to be observed that the two authorities, though not formally consolidated, are united at present in the same company. As long as they are so united they present but one operating authority though its scope is enlarged by the authority validated by the Legislature. They cannot be transferred so as to be separately operated except by transfer authorized by the commission after a finding that it is justified by public convenience and necessity. However, the commission has no power to refuse the transfer and dismiss the application without proper notice and hearing on an application for its transfer.

We hold that the order nunc pro tunc, insofar as it revoked and cancelled certificate No. M-7553, granted in 1945 to the Hargleroad Partnership, and the order granting the motion to dismiss the application to transfer authority No. M-11195, without a notice and hearing were arbitrary and unreasonable. Both of said orders should be vacated but without vacating that portion of the order nunc pro tunc of January 26, 1961, which changed the number of the application on which the certificate was granted from "No. M-7553" to "No. M-7553, Supplement No. 1" which all concede was a mistake of the commission.

REVERSED AND REMANDED.