IN RE APPLICATION OF FERGUSON TRUCKING CO., INC. FERGUSON TRUCKING CO., INC., APPELLANT, v. NEBRASKA STATE RAILWAY COMMISSION, APPELLEE.

101 N. W. 2d 444

Filed March 4, 1960.   No. 34709.

*Nelson, Harding & Acklie* and *Ronald D. Lahners,* for appellant.

*Clarence S. Beck,* Attorney General, and *Homer G. Hamilton,* for appellee.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an appeal by Ferguson Trucking Co., Inc., appellant, from an order of the Nebraska State Railway Commission, which will be hereinafter referred to as the commission, appellee, wherein the commission denied an application of the appellant for suspension of its authority to operate as a common carrier of property by motor vehicle in Nebraska intrastate commerce, and from an order denying a rehearing on the application.

This does not conform to the definition of issues made by the appellant in its brief, but in the light of the record before this court, as will be pointed out herein, this is the only real issue which has come here for review. The review here must be made on the transcript of the proceedings before the commission since there is no bill of exceptions.

At the commencement of the proceedings involved here the appellant was the holder of a valid certificate of public convenience and necessity as an intrastate motor carrier. On April 14, 1959, the commission issued an order to the appellant directing it to file a certificate or certificates of insurance on or before May 14, 1959. This was based upon a declaration of the commission that the appellant was without insurance sufficient to permit it to retain its authority to operate as a carrier. In addition to the order directing the appel-

lant to file a certificate or certificates of insurance the commission ordered that for failure to secure insurance by May 14, 1959, the appellant would be required without further order to cease and desist from further operation effective May 15, 1959, "unless said respondent motor carrier appears before an Examiner * * * on or before May 14, 1959, * * * and shows cause, if any there be, why said operating authority should not be revoked * * *."

It is observable that in this connection the record fails to contain a complaint of violation, a date for hearing before the commission, a hearing, or anything evidentiary on which to base the order. The total obligation directed was that the appellant should appear before an examiner on or before May 14, 1959, and show cause.

The order of April 14, 1959, was never implemented by a further order of the commission either on or after May 15, 1959. It is true that an order was entered on May 15, 1959, but this order indicates only that the commission treated the order of conditional revocation of April 14, 1959, as having become absolute on May 15, 1959. In true essence the order of May 15, 1959, relates to an entirely different subject.

It is apparent that the commission, in its relation with the appellant, has treated this order of April 14, 1959, as a valid and binding revocation of the certificate of public convenience and necessity of the appellant. It therefore becomes necessary to ascertain and determine whether or not the order had that effect.

The validity of an order invalidating a motor carrier's certificate of public convenience and necessity depends upon whether or not the commission has complied with section 75-238, R. R. S. 1943, as follows:

"Permits and certificates shall be effective from the dates specified therein, and shall remain in effect until terminated as herein provided. Any such permit or certificate may, upon application of the holder thereof,

in the discretion of the State Railway Commission, be revoked or may, upon complaint or on the commission's own initiative, after notice and hearing, be suspended, changed or revoked in whole or in part, for willful failure to comply with any of the provisions of sections 75-222 to 75-250, or with any lawful order, rule or regulation of the commission promulgated thereunder, or with any term, condition or limitation of such permit or certificate."

From this it is to be seen that a certificate of public convenience and necessity may be terminated on application of the holder, or it may be terminated, suspended, changed, or revoked upon complaint or on the commission's own initiative. If however the suspension, change, or revocation is on complaint or the initiative of the commission it must be done after notice and hearing.

This court said in In re Application of Hergott, 145 Neb. 100, 15 N. W. 2d 418: "We hold that the commission, in order to revoke, change or suspend a certificate of public convenience and necessity, must proceed in accordance with the provisions of section 75-231, Comp. St. Supp. 1941, * * *." This is now section 75-238, R. R. S. 1943. This case does not deal with the failure to give notice and accord a hearing, but this pronouncement shows that the exactions of the statute are mandatory.

In In re Application of Neylon, 151 Neb. 587, 38 N. W. 2d 552, it was said: "The Nebraska State Railway Commission, in order to revoke, change, or suspend a certificate of public convenience and necessity, must proceed in accordance with the provisions of section 75-238, R. S. 1943."

In Abler Transfer, Inc. v. Lyon, 161 Neb. 378, 73 N. W. 2d 667, it was said: "Section 75-238, R. R. S. 1943, must be considered a special statutory provision with regard to a particular subject and, as such, controls the general provisions with regard to such subject. The Nebraska State Railway Commission, in order to revoke,

change, or suspend a certificate of public convenience and necessity, must proceed in accordance with the provisions thereof."

It is obvious that there was not performance of any of the statutory conditions precedent to a revocation of the certificate of public convenience and necessity of the appellant. In this light it must be said there was no revocation and that the pretense of the commission that there was is without any substance or merit.

The appellant by its attorneys did not in anywise respond to the order to show cause which has been mentioned. It did however by its attorneys unaccountably address and send personally to the director of the motor transportation department of the commission a letter dated May 8, 1959, containing a request for a formal suspension of operation under the certificate of public convenience and necessity of the appellant for a period of 1 year from January 14, 1959. Reasons for suspension were set forth at large in the letter. It is apparent that the commission treated this as an application to it for suspension of appellant's certificate.

There is nothing in the record to indicate that a hearing on the application was accorded or had. On May 15, 1959, the commission entered an order denying the application for suspension of operation. Notice of this order however was not given until May 26, 1959. The pertinent ground for denying the application was that the appellant had failed to file required certificates of insurance on or before May 14, 1959. The appellant filed a motion for rehearing on June 1, 1959. This motion for rehearing does not go in anywise to the question of whether or not its certificate of public convenience and necessity was revoked but only to the question of the propriety of the refusal to suspend. This motion was overruled on July 2, 1959.

A later motion for rehearing was filed on July 2, 1959, but it was filed more than 10 days from May 26,

1959, and therefore may not be considered. See § 75-406, R. R. S. 1943.

Notwithstanding the other matters discussed herein the only real issue is that of whether or not the commission was in error in refusing to sustain the application of the appellant for suspension of operations under its certificate of public convenience and necessity.

The position of the appellant as to this issue is that the order refusing to grant the application for suspension was void for the reason that it was arbitrary, unreasonable, and contrary to law, and with particularity that the commission failed to grant a hearing on the application.

As to this the commission urges that the contention of the appellant must fail for the reason that section 75-238, R. R. S. 1943, does not allow or recognize the right of the holder of a certificate of public convenience and necessity to seek suspension of a certificate or of operation thereunder. It contends that by the terms of the section the only action which a certificate holder may initiate is one for revocation.

The section by its terms does not grant voluntary action to a certificate holder to seek suspension of the certificate of public convenience and necessity or of operation thereunder. On the other hand, it does not say that a certificate holder may not initiate a complaint the purpose of which is to cause the commission to suspend, change, or revoke a certificate in whole or in part. If the right to complain does not extend to the holder of a certificate it may readily be perceived that great harm and injustice could flow therefrom to the certificate holder, with no process available to him for relief. Many hypothetical illustrations of this could be set forth, but it is believed that they would serve no useful purpose.

It appears from the terms of the section itself that the right of the certificate holder to file a complaint seeking suspension is reasonably inferable if not in fact

declared. If there should be any doubt of this it must be said to be removed by section 75-238.01, R. R. S. 1943. It is true that this section does not declare the specific right to seek suspension by complaint, but it does by inescapable inference provide for request for suspension by the certificate holder. This section contains the following: "Except for circumstances beyond the control of the motor carrier, such as strikes, embargoes, catastrophes, or other like circumstances, motor carrier service under a certificate of public convenience and necessity or a permit shall not be suspended without first obtaining approval of the State Railway Commission; * * *."

The letter by which suspension was asked was not denominated by the writer thereof as either a complaint or request, but by it the appellant sought approval by the commission of suspension. Approval was denied without notice and without hearing. The request was proper under both section 75-238 and section 75-238.01, R. R. S. 1943.

The appellant was entitled to a hearing on its application for suspension, and for failure to receive it the order was and is invalid. Except for the fact that the period for which suspension was sought has expired the order of the commission denying suspension would be reversed and the cause remanded for further proceeding. Because of this the order is only reversed. All costs are taxed to the commission.

REVERSED.