IN RE APPLICATION OF GERALD E. CANNING.
GERALD E. CANNING, APPELLEE, v. C. C. AND EARL McKAY, DOING BUSINESS AS McKAY FREIGHT LINES, APPELLANT.
112 N. W. 2d 737

Filed January 5, 1962. No. 35049.

*Nelson, Harding & Acklie,* for appellant.

*Jack Devoe* and *James E. Ryan,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

CARTER, J.

This is an appeal from an order of the Nebraska State Railway Commission granting to Gerald E. Canning a transfer of the rights of Louis H. Weber under a certificate of public convenience and necessity issued December 17, 1937. An appeal was taken to this court by C. C. and Earl McKay, doing business as McKay Freight Lines, a protestant.

The evidence shows that Canning entered into an agreement with Weber to purchase the rights of Weber under his certificate for the sum of $500. Canning and Weber joined in an application to the commission for its approval of the transfer. It is the contention of the protestant that the certificate of Weber was dormant, and, there being no evidence showing that present and future public convenience and necessity required the transfer, the application should have been denied as a matter of law, and that the order of the commission granting the application was therefore arbitrary and unreasonable.

The applicant Canning was the holder of a certificate of public convenience and necessity authorizing operations as a common carrier of commodities generally, excepting those requiring special equipment or refrigeration, between points within a 20-mile radius of Endicott, Nebraska, and Omaha, Nebraska, over irregular routes. The seller was the holder of a certificate authorizing the transportation of commodities generally, excepting those requiring special equipment and refrigeration, over irregular routes from Fairbury, Nebraska, and within 30 miles thereof, and to and from points within a described

area. Due to the fact that Endicott is 6 miles from Fairbury, the commission approved the transfer with a modification of territorial scope which is not material to the present appeal.

The primary issue for determination is whether or not the certificate of Weber was dormant. The evidence on that question is not in dispute. It is substantially as follows: Weber obtained his certificate in 1937. He has transported regulated commodities since that time except for the year previous to the filing of the application in the present case. He transported no regulated commodities during this period for the reason that he had no calls to do so. He testified that he was at all times ready to transport such commodities and that he had never failed to respond to a call. During the year prior to the filing of the application he transported grain and livestock mostly, they being nonregulated commodities not within his certificate. He is retaining his truck and expects to continue in the hauling of nonregulated commodities even if the transfer of his rights under his certificate to Canning is approved by the commission. He has at all times had proper RC plates on his truck. He has at all times complied with insurance requirements and has not violated any orders or regulations of the commission.

It will be noted from the foregoing evidence that the claim that Weber's certificate is dormant is not based on any acts of omission or commission on his part that were willful. See In re Application of Resler, 154 Neb. 624, 48 N. W. 2d 718. His failure to transport regulated commodities during the year previous to the filing of the application was due to a paucity of such business during that period, and not due to any failure on his part. Whether or not a certificate is dormant is usually a question of fact. Where a certificate holder fails to obtain RC plates, or permits his insurance to lapse, or sells the equipment needed to perform the service, dormancy is not difficult to establish. By his acts he there

provides proof of his intention to abandon the service he is required by his certificate to perform. Schmunk v. West Nebraska Express, 159 Neb. 134, 65 N. W. 2d 386. But where, as here, the certificate holder is ready, willing, and able to perform the service authorized by his certificate, and does not perform such service through no fault of his own, the question of dormancy becomes a question of fact under all the circumstances of the case. The commission in the first instance determines the question of fact and its determination thus made will not be disturbed by this court if there is evidence to sustain it.

In Schmunk v. West Nebraska Express, *supra*, this court upheld the revocation of a certificate when the certificate holder had disposed of his equipment and permitted his insurance to lapse several months prior to the rendition of the revocation order. Such evidence conclusively demonstrates an abandonment of the certificate and sustains a finding of dormancy. His claim that he was holding himself out for the performance of service authorized by his certificate has no weight under such circumstances.

In Neuswanger v. Houk, 170 Neb. 670, 104 N. W. 2d 235, we said: "Under this situation we cannot say the commission was wrong in vacating its order to show cause for the evidence adduced fails to show that Neuswanger willfully ceased or discontinued to offer his services to those who desired them and, if they did, that he failed to perform the services requested insofar as his operating authority permitted."

We point out that section 75-238, R. S. Supp., 1959, provides in part as follows: "Any such permit or certificate may * * * be revoked or may, upon complaint or on the commission's own initiative, after notice and hearing, be suspended, changed or revoked in whole or in part, for willful failure to comply with any of the provisions of sections 75-222 to 75-250, or with any lawful order, rule or regulation of the commission promulgated

thereunder, or with any term, condition or limitation of such permit or certificate * * *."

It is plain from the foregoing holding that dormancy exists as a matter of law where there has been a willful failure to comply with applicable statutes, orders, rules, regulations, or with any term, condition, or limitation of a permit or certificate. In re Application of Resler, *supra;* Nebraska State Railway Commission v. Service Oil Co., 157 Neb. 712, 61 N. W. 2d 381. But where there has been no willful failure of compliance with such statutes, orders, or regulations, it is a question of fact as to whether or not the certificate has become dormant. After a consideration of all the facts and circumstances the commission found that the certificate was not dormant. It was the province of the commission to make this determination. There is evidence to support the finding that there was no willful failure to comply with applicable statutes, regulations, or duties under the certificate by the certificate holder, and this court is not permitted, under such circumstances, to interfere with the commission's finding. The findings of the commission are consistent with section 75-240, R. R. S. 1943, and the order of the commission is affirmed.

AFFIRMED.