IN RE APPLICATION OF CLARENCE E. COLE.
CLARENCE E. COLE, APPELLANT, v. LEROY L. WADE & SONS, INC., ET AL., APPELLEES.
127 N. W. 2d 287

Filed April 3, 1964. No. 35613.

Hal W. Bauer, for appellant.

No appearance, for appellees.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

MESSMORE, J.

The appellant, holder of certificate of public convenience and necessity No. 2296, filed an application before the Nebraska State Railway Commission, hereinafter referred to as the commission, requesting license plates to operate as a motor carrier pursuant to his certificate of public convenience and necessity. The commission dismissed the application. Appeal was taken from the order of dismissal by the appellant to this court.

On March 3, 1938, appellant was granted certificate of public convenience and necessity No. 2296 on application No. M-5238 by the commission. This certificate authorized appellant to operate as a common carrier of property by motor vehicle in intrastate commerce. It authorized service of "Commodities specially, road construction materials and equipment." The territory authorized was "Irregular routes to and from all sections of the State of Nebraska at large." Appellant held this authority and operated thereunder from March 3, 1938, to the time of the proceedings involved herein.

On February 23, 1962, application No. M-11332 of Heavy Haulers, Inc., a corporation, was filed. The purpose of this application was to transfer certificate of public convenience and necessity No. 2296 from the appellant to Heavy Haulers, Inc., a corporation. Appellant owned all of the stock of Heavy Haulers, Inc., a corporation.

On April 11, 1962, a formal protest was filed with the commission. The protestants were LeRoy L. Wade & Sons, Inc., Omaha, Nebraska, Watson Bros. Van Lines & Heavy Hauling Co., Omaha, Nebraska, and Sullivan Transfer & Storage Co., Lincoln, Nebraska.

On April 17, 1962, hearing was held by an examiner

of the commission on application No. M-11332 for the purpose of transferring certificate of public convenience and necessity No. 2296 from the appellant to Heavy Haulers, Inc. The examiner's report and recommendations were filed. The examiner's report states as follows: "This proceeding comes under the provisions of section 75-240.02, R. R. S. 1943, which provides that the Commission may approve transfer of a certificate or permit, in whole or in part, * * *."

On August 7, 1962, the commission entered an order based upon the evidence at the hearing and the examiner's report and recommendation. Based upon the findings, the order granted application No. M-11332 in part and revoked certificate No. 2296 held by appellant. By this order the authority transferred authorized only "Sand, gravel and road and dam construction materials requiring the use of dump trucks, between all points in Nebraska, over irregular routes." This order also contained the following: "IT IS FURTHER ORDERED that unless full compliance is made by Applicant herein by September 7, 1962, this order shall be of no further force and effect."

The appellant did not comply with the order of August 7, 1962, by September 7, 1962, and permitted the order to become of no further force and effect as stated in said order.

After the entry of the order of August 7, 1962, by the commission, the return of the 1962 license plates issued to appellant under certificate of public convenience and necessity No. 2296 was never requested by the commission and he continued to hold said license plates and operate thereunder until time for issuance of new plates as required by the law in the year 1963.

On February 5, 1963, appellant filed an application with the commission requesting license plates to operate as a motor carrier. This application was apparently misplaced in the commission's files. On July 23, 1963, appellant filed a second application with the commis-

sion making the same request for license plates as was made in the application filed on February 5, 1963, with the commission.

On July 24, 1963, the commission entered an order dismissing the application for license plates.

The appellant assigns as error that the order of the commission revoking and changing the certificate of public convenience and necessity of appellant No. 2296, entered August 7, 1962, after the transfer hearing on application M-11332, was without legal authority and contrary to law, null, and void; and that the commission erred in dismissing the application of Clarence E. Cole (appellant) for license plates to operate as a motor carrier under certificate of public convenience and necessity No. 2296.

The appellant, being the holder of certificate of public convenience and necessity No. 2296, and having made compliance with the provisions of sections 75-222 to 75-250, R. R. S. 1943, and apparently with the rules and regulations of the commission, claims to be entitled to license plates to operate as a common carrier under certificate No. 2296.

Section 75-227, R. S. Supp., 1961, provides in part: "The commission shall issue a license plate or plates and renewal tab or tabs to any motor carrier who is in compliance with the provisions of sections 75-222 to 75-250, and the rules and regulations of the commission, * * *."

It has heretofore been stated that the appellant made no compliance with the order of the commission entered August 7, 1962. By its own terms this order became of no force and effect after September 7, 1962.

Section 75-238, R. S. Supp., 1961, provides: "Permits and certificates shall be effective from the dates specified therein, and shall remain in effect until terminated as herein provided. Any such permit or certificate may, upon application of the holder thereof, in the discretion of the State Railway Commission, be revoked or may, upon complaint or on the commission's own in-

itiative, after notice and hearing, be suspended, changed or revoked in whole or in part, for willful failure to comply with any of the provisions of sections 75-222 to 75-250, or with any lawful order, rule or regulation of the commission promulgated thereunder, or with any term, condition or limitation of such permit or certificate; * * * "

In Strasheim v. Martin, 169 Neb. 787, 101 N. W. 2d 161, this court cited Abler Transfer, Inc. v. Lyon, 161 Neb. 378, 73 N. W. 2d 667, as follows: " 'Section 75-238, R. R. S. 1943, must be considered a special statutory provision with regard to a particular subject and, as such, controls the general provisions with regard to such subject. The Nebraska State Railway Commission, in order to revoke, change, or suspend a certificate of public convenience and necessity, must proceed in accordance with the provisions thereof.' " See, also, In re Application of Neylon, 151 Neb. 587, 38 N. W. 2d 552; In re Application of Hergott, 145 Neb. 100, 15 N. W. 2d 418; Ferguson Trucking Co., Inc. v. Nebraska State Railway Commission, 169 Neb. 851, 101 N. W. 2d 444.

In the instant case there is nothing in the pleadings or record prior to the time of the hearing upon the application for transfer No. M-11332 that gave the appellant notice that such hearing would involve the issue of change of his certificate of public convenience and necessity No. 2296.

The protest to application No. M-11332 heretofore mentioned did allege that the authority of appellant sought to be transferred was dormant. Under section 75-240.02, R. R. S. 1943, dormancy is a ground for protest to transfer of a certificate of public convenience and necessity. The protest did not allege "willful failure" to comply with any provisions of the act, or order, rule, or regulation of the commission, and did not pray for revocation or change of the authority granted the appellant by the commission.

The commission did not at any time enter an order

to show cause against appellant requiring him to show cause why his certificate of public convenience and necessity No. 2296 should not be changed or revoked for willful failure to comply with any of the provisions of the act or order, rule, or regulation of the commission.

We have heretofore set forth the examiner's report to the effect that this proceeding came under the provisions of section 75-240.02, R. R. S. 1943, which provides that the commission may approve transfer of a certificate.

At the hearing on April 17, 1962, the appellant offered evidence only on the issue of transfer of his certificate to Heavy Haulers, Inc., and offered no evidence on the issue of revocation or change of his certificate No. 2296 for willful failure to comply with the provisions of the act or order, rule, or regulation of the commission. The appellant offered evidence only based upon the issues raised by the pleadings and notice prior to the hearing. The issue involved was the transfer of appellant's certificate of public convenience and necessity.

In Ferguson Trucking Co., Inc. v. Nebraska State Railway Commission, supra, Hargleroad Bulk Carriers, Inc. v. Ruan Transp. Corp., 173 Neb. 151, 112 N. W. 2d 743, and Strasheim v. Martin, supra, this court held that an order of the commission changing or revoking a certificate of public convenience and necessity is without legal authority and void when the notice requirement of section 75-238, R. S. Supp., 1961, is not complied with.

The order of August 7, 1962, made no finding that the appellant willfully failed to comply with any provision of the act or any order, rule, or regulation of the commission.

The order of the commission entered on August 7, 1962, is subject to collateral attack. It appears that the failure to give notice to appellant prior to changing or revoking his certificate, and the failure of the commission to include in its order a finding of willful failure of the appellant to comply with any of the provisions of the act or with any lawful order, rule, or regulation

of the commission are jurisdictional errors, on the face of the record, and under such circumstances subject to collateral attack. The order of the commission entered August 7, 1962, is void for the reason that it was entered without compliance with section 75-238, R. S. Supp., 1961.

The appellant holds a valid certificate of public convenience and necessity to operate as a common carrier. As such he is entitled to license plates upon the tender of the fees therefor in accordance with the mandatory provisions of section 75-227, R. S. Supp., 1961. The issuance of license plates under such circumstances is a ministerial function involving no discretion on the part of the commission. The commission acted beyond its authority when it entered an order on July 24, 1963, dismissing appellant's application for license plates. The appellant is entitled to license plates to permit operation of his vehicles as a common carrier in accordance with the valid certificate of public convenience and necessity held by him. The order of the commission denying the issuance of license plates to appellant is therefore reversed.

REVERSED.