IN RE APPLICATION OF HEAVY HAULERS, INC.
WATSON BROS. VAN LINES & HEAVY HAULING CO. ET AL.,
APPELLEES, V. TED H. HART ET AL., APPELLANTS.
136 N. W. 2d 360

Filed July 16, 1965. No. 35810.

Viren, Emmert & Epstein, for appellants.

James E. Ryan, for appellees.

Heard before WHITE, C. J., CARTER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and WESTERMARK, District Judge.

CARTER, J.

This is an appeal from an order of the Nebraska State Railway Commission sustaining complaint No. 954 and revoking the certificate of public convenience and necessity issued to Hart Construction Company, and in denying the application of Heavy Haulers, Inc., for the acquisition of the Hart Construction Company certificate of public convenience and necessity. The only assignment of error is that the commission erred in finding that the certificate was as a matter of fact and as a matter of law dormant.

The evidence shows that Ted H. Hart, doing business as the Hart Construction Company, acquired, on July

1, 1958, a certificate of public convenience and necessity for the transportation of (1) contractor's equipment over irregular routes between points in Nebraska and (2) sand and gravel and road and dam construction materials requiring the use of dump trucks between points and places in Nebraska, over irregular routes. The certificate holder, including the trustee in bankruptcy after Hart Construction Company filed a petition in bankruptcy, requested several suspensions of the certificate which the commission granted. On November 7, 1962, the last suspension was granted until a proposed transfer application to Jack L. Butler Construction Company was determined. This proposed transfer application was denied on January 28, 1963, and the motion for a rehearing overruled on March 13, 1963, and notice thereof given on April 25, 1963.

On April 10, 1963, the director of the motor transportation department of the commission filed a complaint alleging that Ted H. Hart had willfully discontinued the service authorized by his certificate contrary to statutes applicable thereto. In response thereto the trustee in bankruptcy alleged the existence of an order of suspension of the certificate, that the Jack L. Butler Construction Company is the holder of a contract to purchase the certificate which contract has been assigned to Heavy Haulers, Inc., which will forthwith file an application to transfer, and prayed for an order extending the suspension for 90 days in order that the transfer of the certificate to Heavy Haulers, Inc., could be acted upon.

On September 11, 1963, the commission dismissed the complaint for the reason that the certificate was suspended when the complaint was filed. No suspension of the certificate was granted. While the application to transfer the certificate was finally denied on March 13, 1963, the commission concluded that the right to appeal to the Supreme Court did not terminate until May 24, 1963, and the certificate was suspended until such

date by the terms of its order of suspension dated November 7, 1962.

Pending the decision on the complaint of the director of the motor transportation department, Watson Bros. Van Lines & Heavy Hauling Co., LeRoy L. Wade and Sons, Inc., and Sullivan Transfer and Storage Company, on June 13, 1963, filed their complaint, and on June 17, 1963, their amended complaint, alleging the dormancy of the Hart Construction Company certificate and the failure of the trustee in bankruptcy to comply with section 75-240.06, R. R. S. 1943, and praying for the revocation of the Hart Construction Company certificate. On August 5, 1963, the application of Heavy Haulers, Inc., to acquire the certificate of Hart Construction Company was filed. The same complainants in the pending complaint filed their formal protest to the application of Heavy Haulers, Inc., making the same allegations as in their formal complaint.

The complaint and the application of Heavy Haulers, Inc., were consolidated for hearing. The hearing was held and resulted in the order from which this appeal is taken.

The record discloses that the last suspension of the certificate of the Hart Construction Company was granted on November 7, 1962, and that such suspension order expired on May 24, 1963, as found by the commission. Whether or not the suspension order expired on May 24, 1963, or any date prior thereto, is not material to a decision in this case. The complaint of Watson Bros. Van Lines & Heavy Hauling Company et al., was filed on June 13, 1963, and the application to transfer the certificate to Heavy Haulers, Inc., was filed on August 5, 1963.

The evidence shows that the Hart Construction Company filed a petition in bankruptcy more than a year prior to January 31, 1962, the exact date not being reflected by the record. Under section 75-240.06, R. R. S. 1943, the trustee in bankruptcy could operate the busi-

ness and property of the bankrupt for a period of 90 days and, if necessary, is authorized to obtain additional time from the commission for the purpose of carrying on the business authorized by the bankrupt's certificate. The bankrupt failed to list its certificate as an asset with the result that the trustee in bankruptcy did not request additional time to carry on the business or, in this instance, to obtain a suspension of the certificate until January 31, 1962. There being no resistance to the application for suspension of the certificate, the suspension was granted by the commission on November 7, 1962. The order suspending the certificate expired on or before May 24, 1963. The complainants filed their complaint on June 13, 1963, alleging the dormancy of the certificate. There can be no question that the commission could properly consider the merits of the complaint at that time.

The evidence shows that there was a hiatus between the terminations of the various suspension orders and the grant of new ones during which periods no attempt was made to render the service authorized by the certificate. Nor was there any service rendered after the termination of the last suspension order. In fact, no service was ever rendered as authorized by the certificate subsequent to 1961, and apparently not before. There is no evidence in this record that the Hart Construction Company had any equipment to perform the service authorized by the certificate. When the Hart Construction Company listed its assets in the bankruptcy proceeding, it contained no equipment with which the certificated service could be performed. Under the provisions of section 75-238.01, R. S. Supp., 1961, service under a certificate of public convenience and necessity may not be suspended without commission approval. Under section 75-238, R. S. Supp., 1961, a certificate may be suspended, changed, or revoked, after hearing, for willful failure to comply with statutory provisions or the lawful orders, rules, or regulations, or with any

term, condition, or limitation in the certificate. The evidence sustains a finding made by the commission that no service was performed under the certificate for a long period of time and that the certificate had in fact become dormant. But under section 75-238, R. S. Supp., 1961, a finding of dormancy alone will not authorize the revocation of the certificate. The dormancy must be willful. There was no finding of willfulness in the instant case. The necessity for a finding of a willful failure to comply with the controlling statutes and rules of the commission has previously been determined by this court. See Hergott v. Nebraska State Railway Commission, 145 Neb. 100, 15 N. W. 2d 418, wherein it is said: "The order of the commission in the instant case failing to include such finding of willful violation is irregular and will be set aside on appeal."

For the reasons stated, the order of the commission sustaining the complaint of Watson Bros. Van Lines & Heavy Hauling Company et al., is irregular, and therefore unreasonable and arbitrary for failure to make a finding of willfulness. The order of the commission revoking the certificate of public convenience and necessity is therefore reversed.

REVERSED.