IN RE APPLICATION OF E & B RIGGING & TRANSFER, INC. HOWARD N. DAHLSTEN, DOING BUSINESS AS DAHLSTEN TRUCK LINE, ET AL., APPELLEES, V. LLOYD HARRIS, DOING BUSINESS AS HARRIS TRANSFER, ET AL., APPELLANTS.

211 N. W. 2d 714

Filed October 26, 1973.    No. 38855.

Peterson, Bowman, Coffman & Larsen, A. J. Swanson, and Joseph L. Krause, for appellants.

James E. Ryan and Richard A. Knudsen, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SMITH, J.

The Nebraska State Railway Commission heard a complaint of dormancy in respect to part of the operating authority of a motor common carrier. It revoked in part, otherwise approving a transfer of the certificate in a consolidated proceeding. The transferor and the transferee appeal. The question is whether the order in respect to the partial revocation should be reversed.

The transferor was Lloyd Harris, doing business as Harris Transfer, and the transferee, E & B Rigging & Transfer, Inc. The application for transfer of the certificate resulted from the death of Harris, whose widow was unable to continue the business. Because of the revocation both parties lack authority to transport cement and limestone in bulk.

Harris Transfer, which has operated since 1937, did not transport cement in bulk, and the only time it transported limestone dust in bulk occurred in October 1966. On the latter haul, it used a truck owned by its customer. Pneumatic trailers have been necessary for transportation of the commodities in question. Harris Transfer has not possessed such equipment, has not held itself

out as a common carrier of either commodity, nor petitioned the commission for relief. Expansion of the business was considered but rejected because of the advanced age of Lloyd Harris. Rigging intends to compete for transportation of the commodities.

Prior to 1965 the railroads possessed a monopoly over transportation of cement, for paper rates barred competition from motor carriers. The policy was modified in 1965 by the introduction of commodity rates known as "ex-rail rates" on cement. In 1966 the commission established competitive truck rates for cement. Ready Mix, Inc. v. Nebraska Railroads, 181 Neb. 697, 150 N. W. 2d 275 (1967).

The commission may revoke a common carrier's operating authority for willful failure to comply with a commission rule or with sections 75-101 to 75-801, R. R. S. 1943. § 75-315, R. R. S. 1943.

The phrase "willful failure" in the statutory provision ordinarily means behavior that justifies the belief in intentional failure. The latter may be inferred from nonperformance of the requisite act over a long period of time. If evidence sustains the findings of the commission, the court cannot decide that the findings are unreasonable. Schmunk v. West Nebraska Express, Inc., 159 Neb. 134, 65 N. W. 2d 386 (1954); Safeway Cabs, Inc. v. Honer, 155 Neb. 418, 52 N. W. 2d 266 (1952); In re Application of Resler, 154 Neb. 624, 48 N. W. 2d 718 (1951); Union Transfer Co. v. Bee Line Motor Freight, 150 Neb. 280, 34 N. W. 2d 363 (1948); cf. Canning v. McKay, 173 Neb. 103, 112 N. W. 2d 737 (1962).

The evidence was ample to sustain the finding and order of the commission on willful failure of Harris Transfer.

The order is affirmed.

AFFIRMED.

SPENCER, J., dissenting.

I respectfully dissent from the majority opinion herein for the reasons stated by Commissioner John W. Swan-

son in his dissent from the order entered February 28, 1972, by the Nebraska State Railway Commission. Commissioner Swanson has adequately reviewed the facts and the law therein. It would serve no purpose to further review it herein.