REQUESTED BY: Senator Howard L. Peterson Nebraska State Legislature 1124 State Capitol Lincoln, Nebraska 68509
Dear Senator Peterson:
This is in response to your letter of February 24, 1982, in which you ask whether Gerald Koch is eligible for appointment as a board member to the Nebraska State Board of Educational Lands and Funds, given provisions of Neb.Rev.Stat. § 72-201(2) (Reissue 1981), which prohibit appointment of persons to that board who are `actively engaged in the teaching profession.'
You have informed us that your question is based upon the fact that the Legislature will be asked to decide whether to confirm the proposed appointment of Mr. Koch to the Nebraska State Board of Educational Lands and Funds.
We conclude that Neb.Rev.Stat. § 72-201(2) could apply to make Mr. Koch ineligible for appointment as a board member to the Nebraska State Board of Educational Lands and Funds.
Neb.Rev.Stat. § 72-201(2) provides, insofar as relevant here, that `no person shall be eligible to membership on the board who is actively engaged in the teaching profession.'
The task is therefore to identify the class defined by the terms `engaged in the teaching profession.' If Mr. Koch falls within that classification, he should be regarded as ineligible for appointment according to the provisions of 72-201(1).
In defining said terms, the intent of the Legislature is paramount and may be determined by reference to the history of the legislation, as well as to other statutes pertaining to the same subject matter as the legislation in question. State v. Opela, 108 Neb. 821, 189 N.W. 159
(1922), Hergott v. Nebraska State Railway Commission,145 Neb. 100, 15 N.W.2d 418 (1944).
Although the legislative history of § 72-201(2) offers no insight regarding the legislative intent in defining the class of persons `engaged in the teaching profession,' we do find that the Legislature has declared the teaching profession to include `. . . related services including administrative and supervisory services.' Neb.Rev.Stat. § 79-1280 (Reissue 1981).
By reading § 72-201(2) with reference to § 79-1280, it is apparent that persons `engaged in the teaching profession,' as used in § 72-201(2), would include persons engaged in providing services directly to teaching, including administrative and supervisory services.
The issue is therefore whether Mr. Koch is engaged in such services to an extent which would require him to be regarded as directly involved in services related to teaching, including administrative and supervisory services. The answer to such question would depend upon the facts of Mr. Koch's employment with reference to the applicable law which we have cited.
The facts are:
1. Gerald Koch is presently employed as Secretary/Treasurer, and lobbyist, for a Nebraska non-profit corporation known as the Omaha Suburban Area Council of Schools (OSAC) (according to the corporation's Biennial Report for 1982 and 1983). The responsibilities of his position require him to be actively engaged in achieving the objectives and purposes of the corporation.
2. The objectives and purposes of the OSAC are: a) to maintain liaison with the several governmental agencies providing funds for educational purposes; b) to maintain a liaison with the various legislative bodies whose acts affect the members of the corporation; and c) to enter into all contracts necessary to the attainment of the corporate objectives. (OSAC Nebraska Articles of Incorporation, filed January 6, 1967.)
3. The school districts represented by the OSAC are members of the corporation. (OSAC Nebraska Articles of Incorporation, filed January 6, 1967.)
Given that the school districts represented by OSAC are part of that corporation, and further given that Mr. Koch is employed by OSAC as an officer of that corporation who is actively engaged in the furtherance of the corporation's goals, he could properly be regarded as an administrator who is actively employed by the districts which the corporation represents.
Such conclusion is not inconsistent with Neb.Rev.Stat. § 79-441 (Reissue 1981), which would allow the district board to hire `necessary personnel;' and is further consistent with the fact that members of a school district act in a representative capacity, not as individuals, when transacting the business of a school district. Greer v.Chelewski, 162 Neb. 450, 76 N.W.2d 438 (1956).
In the language of § 72-201 and § 79-1280, Mr. Koch's duties as Secretary/Treasurer of OSAC and as lobbyist for that organization could properly be regarded as a `related service,' if not `administrative service,' which require him to be engaged in the teaching profession.
The foregoing analysis would indicate that Gerald Koch is probably ineligible for appointment as a board member to the Nebraska State Board of Educational Lands and Funds. However, the final determination of whether Mr. Koch should be appointed is a question of fact to be determined by the Legislature.
Very truly yours, PAUL L. DOUGLAS Attorney General Frank J. Hutfless Assistant Attorney General